UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-10018-CR-MARTINEZ

UNITED STATES OF AMERICA,
    Plaintiff,

v.

FRANCISCO MAUNTECA LOPEZ,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about October 12, 2012, court-appointed defense counsel Ana Jhones ("Counsel") submitted a voucher application numbered FLS 11 1199 with appended time sheets requesting $35,78283 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel submitted a Motion to Exceed the Statutory Cap For Attorney's Fees in support of his voucher application.

Counsel represented Defendant Francisco Maunteca Lopez ("Defendant") from October 3, 2011 to December 2, 2012[1] and seeks compensation for this time in the voucher application. Counsel seeks $35,782.83 in her application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 123]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida

---

[1] Although Counsel indicated that her representation in this case ended in December 2012, the last pleading filed by Counsel in this case was a Notice of Appeal **[DE # 104]** filed by Counsel on April 13, 2012.

Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing

than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex and extended. This case was indeed complex.

This case commenced when Defendant was arrested on October 2, 2011. The next day, on October 3, 2011, the government filed a Criminal Complaint against Defendant. **[See DE # 1]**. That same day, Counsel was appointed to represent Defendant during Defendant's initial appearance. **[See DE # 2]**.

The grand jury later returned an Indictment against Defendant on October 14, 2011. **[See DE # 6]**. The Indictment contained a single count charging Defendant with illegal re-entry into the United States following his deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Defendant faced a sentence of twenty years imprisonment.

This case presented novel legal issues. As Counsel explained, the "Government's theory of prosecution was that [Defendant] effectuated his own removal from the United States by virtue of his having been found in international waters. This issue [was] an issue of first impression. As such, there was a considerable amount of legal research that went into this case in preparation for trial, Rule 29 and jury instructions." (Motion at 4).

There was also a substantial amount of discovery in this case. "The Government produced [six] Discovery Responses to the Standing Discovery Order, with the last two, Government's Fifth and Sixth produced three days and one day before trial, respectively.

The discovery was voluminous, the Government having produced countless records pertaining to Maunteca-Lopez's immigration history and prior criminal history as well as 156 pages of Global Positioning Satellite records." (Motion at 4).

Further, unlike many criminal cases, this matter proceeded to trial. The trial began on January 9, 2012 and lasted for five days. The jury returned a guilty verdict against Defendant on January 17, 2012. Defendant was later sentenced on April 2, 2012.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due to the amount of codefendants and the voluminous evidence in this case. As a result, this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. I must now review the voucher to determine the appropriate amount for which which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 51.0 in-court hours totaling $6,375.00.

The CJA administrator also reviewed the 205.4 out-of-court hours sought by Counsel. Counsel sought compensation for 31.4 hours for "Interviews and conferences", 26.3 hours for "Obtaining and reviewing records" and 58.8 hours for "Legal research and brief writing." Counsel also sought compensation for 43.3 hours for "Travel time" an 45.6 hours for "Investigative and Other work." Finally, Counsel sought $2,524.45 in "Travel Expenses" and $1,208.38 in "Other Expenses."

## In-Court Hours[2]

Counsel sought compensation for 51.0 in-court hours totaling $6,375.00. The CJA administrator made no changes to either the number of in-court hours or the total amount of compensation sought for this time. I approve $6,375.00 as reasonable.

## Out-of-Court Hours

Counsel requested compensation for 205.4 out-of-court hours, totaling $25,675.00, in this case. As this was a single Defendant case involving only one count (illegal re-entry after deportation), I was concerned by the large amount of attorney's fees Counsel had billed. Accordingly, I invited Counsel to chambers to discuss the voucher and, specifically, the out-of-court hours listed in the voucher.

Counsel came to chambers to explain the voucher. Although Counsel did an admirable job explaining her voucher, I still take issue with some of the out-of-court hours billed by Counsel. After thoroughly reviewing each entry in the voucher and each pleading in this case, I recommend that Counsel's voucher be reduced.

First, with respect to the 31.4 hours Counsel billed for "Interviews and conferences," I recommend that a few of the entries be eliminated. Counsel included two entries that are not sufficiently detailed to comport with the requirements prescribed in the Supplemental Instructions:

| | | |
|---|---|---|
| 10/18/2011 | Three telephone conferences with US Marshal's Office in Key West. | 1.0 hour [Reduced to 0.3 hours] |

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

| | | |
|---|---|---|
| 11/2/2011 | Telephone conference with AUSA Castrolugo | 0.4 hours [reduce to 0.1 hour] |

The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conversations, Counsel failed to explain the reason for the duration of these telephone conferences. Accordingly, I recommend that these entries be reduced, for a total reduction of 1.0 hour or $125.00.

Counsel included a few entries for clerical matters which are not eligible for reimbursement under the CJA. The troublesome entries are:

| | | |
|---|---|---|
| 10/6/2011 | Preparation of medical release documents from local hospitals, FOYA [sic] requests from FDC, BOP & USPO | .60 hours [Eliminate] |
| 10/18/2011 | Correspondence for records request to Bureau of Prisons, US Probation, EOIR (Executive Office for Immigration Review), FDC Miami. | 1.0 hours [Eliminate] |
| 10/24/2011 | Review response from Jackson South Medical Records. | 0.1 hour [Eliminate] |
| 10/24/2011 | Correspondence to Jackson South Hospital. | 0.20 hours [Eliminate] |
| 11/4/2011 | Correspondence to Jackson Memorial Hospital requesting records. | 0.20 hours [Eliminate] |

I recommend that the above entries be eliminated because these entries reflect clerical duties that are not compensable. The Guidelines make clear that "[e]xcept in extraordinary circumstances, whether work is performed by counsel or other personnel, the

following expenses associated with CJA representation are not reimbursable: personnel; rent; telephone service; and secretarial." Section §230.66.10(b) of the Guidelines. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should not be compensated for the above listed entries. This results in a total reduction of 2.1 hours or $262.50.

There are other troublesome entries in the voucher. One such entry which should be eliminated is:

> 10/6/2011    Telephone conference with client's        0.1 hour
>              daughter

I recommend that the above entry be eliminated because this entry is for time spent with Defendant's family that is not compensable. The Supplemental Instructions make clear that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." The time spent conversing with Defendant's family member to keep her informed about developments in the case is "hand holding" that is not compensable under the CJA because it is not time which contributed to Defendant's defense. Eliminating this entry entries results in a reduction of $12.50.

I also recommend that a larger deduction be made with respect to time Counsel sought for "Legal research and brief writing." Counsel billed 58.8 hours for "Legal research and brief writing." I recommend that these hours be reduced significantly. I have reviewed each pleading filed in this case and I conclude that Counsel should not be reimbursed for every hour of time Counsel seeks in this category.

In the Eleventh Circuit, "[w]here fee documentation is voluminous, such as in the instant case, an hour-by-hour review is simply impractical and a waste of judicial resources." *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). While I am not required to specifically discuss every single motion filed by Counsel in this Order, I have reviewed each motion and the time for which Counsel seeks for drafting and submitting each motion. I believe that the time Counsel seeks for reimbursement for drafting and submitting motions and for performing legal research should be reduced because Counsel's requests exceed the amount of time for which Counsel should be reasonably compensated.

One such example of why Counsel's time in this category should be reduced involves a time entry on December 29, 2011. Counsel billed 1.5 hours for "Submit *ex parte* motion for leave to have Marshal's office service process and proposed order." *See* CJA voucher at 8. This simple motion was barely three pages long. The proposed order was a form order which Counsel used throughout this case and was easily replicated. **[*See* DE # 32, 44, 51 & 57]**. Counsel should not be compensated for 1.5 hours of time for drafting such a simple motion and order.

Similarly, Counsel billed large amounts of time for drafting motions which are nearly identical. For example, on December 20, 2011, Counsel billed 2.0 hours for drafting an Ex Parte Motion to Exceed the Statutory Cap for Investigative Funds **[DE # 32]**. On January 5, 2012, Counsel billed 1.4 hours for drafting Defendant's Emergency Motion to Exceed the Statutory Cap Costs of Transcripts in Excess of the Statutory Cap **[DE # 51]**. On January 6, 2012, Counsel billed 2.0 hours for drafting Defendant's Emergency Ex Parte Motion to Exceed the Statutory Cap For Expert Fees **[DE # 57]**. These three motions are virtually identical and, consequently, Counsel should not be compensated 5.4 hours for these motions. Further, Counsel included several entries for "Legal research" without any description. See CJA voucher at 4 and 6.

After reviewing each motion filed by Counsel, I conclude that the 58.8 hours Counsel billed for "Legal research and brief writing" should be be reduced to a total of 20.0 hours only. While this reduction may appear harsh, it is critical to remember that "representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted).

The CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United*

States v. Carnevale, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles in the instant case, I conclude that an award of $20,425.00 for out-of-court hours is fair.

### Expenses

Counsel seeks $2,524.45 in "Travel Expenses." The CJA administrator slightly reduced this amount to $2,442.64. I hereby approve the adjusted amount of $2,442.64. Counsel also seeks $1,208.38 in "Other Expenses". The CJA administrator slightly reduced this amount to $1,203.88. I hereby approve the adjusted amount of $1,203.88.

### CONCLUSION

I commend Counsel for her professionalism and willingness to take this appointment; the undersigned is appreciative of her efforts in this case. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $30,446.52 as fair and final compensation for her work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 5th day of February, 2013.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

-11-

Copies furnished to:

    Ana Jhones, Esq.
    Lucy Lara, CJA administrator